## N. Y. COMMON PLEAS.

PAULINE HOPFENSACK agt. WILLIAM HOPFENSACK *et al.*

*Special Term, September* 19, 1879.

J. F. DALY, *J.*— The receiver took possession of stock at 85 Nassau street, claiming that it was assets of the copartnership of which he was appointed receiver. The defendants Ernst Hopfensack and Louis W. Hraba claim the stock as their private property. They were joined as defendants (although not members of the copartnership, to obtain a dissolution of which this action was brought) and charged with conspiring with William Hopfensack to make away with the property of the copartnership.

The title to the stock seized by the receiver has not been determined in any proceedings. The two defendants claiming it, made a motion to have the receiver restore it to them, and upon such application this court ordered a reference to pass the receiver's accounts and ascertain the commission due him. The referee reported that merchandise, fixtures, &c., to the value of $1,443.79 had come to his hands, besides collections, notes and cash, in all $2,031.18, and that he was entitled for commission and disbursements to $353.23.

Whether the merchandise alluded to was the disputed stock does not appear. If it were, the question of title has yet to be determined before the commissions of the receiver can be ordered paid out of it. The title can be determined in the action brought by the claimants against the receiver for trespass in taking that property. Such action has, however, been brought without leave, and against the receiver personally. It must be stayed until by further order of this court, if it may be made on petition by granting leave to prosecute it. The action, it seems to me, can be brought only against the receiver in his official capacity. His act in taking the property was induced by his attempt honestly to perform his duties promptly and thoroughly.

On the question of punishing William Hopfensack and Hraba for contempt in taking possession of the disputed property, it appears to have remained in the premises where Hraba carried on business, where it. was originally found by the receiver. What damage has been sustained by the parties to the action by the alleged contempt, I cannot discover from the papers. A reference may be had to inquire into that fact, but the main question to determine will still be the title, it would be less vexatious and expensive to let this application for attachment stand over until that title is determined. As judgment in the action between the parties has been determined in favor of defendants, there remains merely a question of receiver's fees, and that depends on whether the property he took possession of belonged to the copartnership.

The motion to punish for contempt will therefore be denied without costs, with leave to renew when the action in the supreme court is determined.

But if plaintiffs in that action fail within five days to apply for leave to prosecute it, this motion may be renewed at the expiration of that time.

· The referee, to pass the receiver's accounts, made his report September 17, 1879, finding a balance due the receiver of $353.23.

An application was made to the court by the defendants, William Hopfensack, Ernst Hopfensack and Louis Hraba, for leave to sue the receiver, and the following order was entered on the 22d day of October, 1879 :

"It is ordered that the application for leave to sue the receiver be and the same hereby is denied, without costs."

"And it is further ordered that the order of reference heretofore made in this action to Sidney J. Cowen, Esq., and his report thereon be and the same are hereby opened, and it be referred back to the said referee to determine and report who was the owner of the property claimed by petitioners at the time the receiver took possession of the same, and to report whether the receiver is entitled to fees and allowances, and, if

so, to report what allowances and expenses, in his opinion, would be lawful and proper, and to report as to whether the said receiver should be discharged and his security exonerated, and to report to whom the property, which came to the hands of said receiver, should be delivered, and in whose possession the same now is, and when and in what manner and by whom the said receiver was dispossessed of the same. And it is further ordered that on the coming in of said report either party have such other or further relief in the premises as shall be just and equitable, and that either party may apply therefor on two days' notice."

On February 3, 1880, the referee filed his report by which he found as matters of fact :

That under the order of this court appointing him, dated May 13, 1879, the receiver took possession of property in question at 85 Nassau street, on the 26th day of May, 1879.

That after he took possession the order was resettled.

That on said reference before the undersigned, he was attended by the said receiver and his counsel, and the said defendants and their counsel, and while said reference was pending, on the 11th day of September, 1879, the defendants, Louis W. Hraba, William Hopfensack and Ernst Hopfensack, took forcible possession of all the property in the hands of said receiver (except the books of account of said firm of Hopfensack & Co., and three promissory notes, amounting in the aggregate to $234) and have ever since continued in possession of said property against the protest of said receiver and in violation of the orders appointing him.

That the property of which the receiver took possession under the said orders, was the property which it was intended by said orders that he should take possession of, and that as between the parties to this reference the property in question, at the time the receiver took possession of the same, belonged to the copartnership firm of Hopfensack & Co., consisting of the plaintiff and defendant, William Hopfensack.

That the receiver was dispossessed of the said property on

the 11th day of September, 1879, by the forcible and wrongful act of the defendants, Ernst Hopfensack, William Hopfensack and Louis W. Hraba.

And that between the receiver and the said defendants, the property in question was at the time he took possession of the same, the property of the copartnership firm of Hopfensack & Co., consisting of the plaintiff and the defendant, William Hopfensack. That the said receiver is entitled to fees and allowances, and that the allowances and expenses to which he is entitled and which are lawful and proper, are $674.73.

On motion to confirm report the following opinion was rendered and order entered :